**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**Joyce Gamble, Betty Young,**
**Patricia Simmons,** *and*
**David Thornton,**

**Plaintiffs,**

**v.**                                        Case No. _____

**Belvedere Management, LLC,** *A Tennessee*          **JURY DEMANDED**
*Limited Liability Company;* **Habringer**
**Group, Inc.,** *a Tennessee corporation, and*
**Eco Services, LLC,** *a Tennessee Limited*
*Liability Company,*

**Defendants.**

---

**VERIFIED COMPLAINT FOR VIOLATIONS OF**
**THE FAIR LABOR STANDARDS ACT**

---

COME NOW, the above-named Plaintiffs, Ms. Joyce Gamble, (hereinafter, "Ms. Gamble"), Ms. Betty Young, (hereinafter, "Ms. Young"), Ms. Patricia Simmons, (hereinafter "Ms. Simmons"), and Mr. David Thornton, (hereinafter, "Mr. Thornton") (collectively referred to as "Plaintiffs"), by and through their counsel and for their Complaint against Defendants Belvedere Management, LLC (hereinafter, "Belvedere"), Habringer Group, Inc. (hereinafter, "Habringer"), and Eco Services, LLC (hereinafter, "Eco Services") (collectively hereinafter "Defendants"), state and allege as follows:

### NATURE OF THE COMPLAINT

1.      Plaintiffs bring this action against Defendants for unpaid compensation in violation of federal law, specifically the Fair Labor Standards act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.	Plaintiffs allege that Defendants failed and refused to pay them the minimum wage and overtime compensation for all hours worked and Defendants caused illegal deductions of time worked from Plaintiffs' paychecks.

3.	Plaintiffs allege that Defendants willfully misclassified them as "independent contractors" within the meaning of the FLSA for payroll purposes, in order to circumvent the need to calculate and process income tax withholdings for Plaintiffs.

4.	Plaintiffs seek declaratory relief, minimum wage for all hours worked, one and one half overtime premiums for all hours worked over forty (40) in any given workweek; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

5.	Defendants' practice and policy is, and has been since on or about August 2016, to willfully fail to compensate Plaintiffs for all hours worked while employed by Defendants, in violation of the FLSA.

**JURISDICTION AND VENUE**

6.	This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

7.	The Western District of Tennessee, Western Division, has personal jurisdiction over Defendants because Defendants conduct business in this judicial District.

8.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

**A.	Plaintiffs**

9.	Plaintiff Ms. Gamble is an adult resident of Memphis, Tennessee.

10.  Plaintiff Ms. Young is an adult resident of Memphis, Tennessee.

11.  Plaintiff Ms. Simmons is an adult resident of Memphis, Tennessee.

12.  Plaintiff Mr. Thornton is an adult resident of Memphis, Tennessee.

**B. Defendants**

13.  Defendant Habringer Group, Inc. is a property manager of the Sunrise Terrace Apartments, where Plaintiffs worked/work in various capacities.  At all relevant times, Defendant Habringer Group, Inc. was/is Plaintiffs' employer as contemplated by the FLSA.

14.  At all relevant times, Defendant Habringer Group, Inc. was/is a Tennessee corporation with a principal place of business in Memphis, Shelby County Tennessee and may be served with process through its registered agent Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203.

15.  Defendant Belvedere Management, LLC is a property manager for the Sunrise Terrace Apartments, where Plaintiffs worked/work in various capacities.  At all relevant times, Defendant Belvedere Management, LLC was/is Plaintiffs' employer as contemplated by the FLSA.

16.  At all relevant times, Defendant Belvedere Management, LLC was/is a Tennessee limited liability company with a principal place of business in Memphis, Shelby County Tennessee and may be served with process through its registered agent, Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203.

17.  Defendant Eco Services, LLC is a property manager for the Sunrise Terrace Apartments, where Plaintiffs worked/work in various capacities.  At all relevant times, Defendant Eco Services, LLC was/is Plaintiffs' employer as contemplated by the FLSA.

18.     At all relevant times, Defendant Eco Services, LLC was/is a Tennessee limited liability company with a principal place of business in Memphis, Shelby County Tennessee and may be served with process through its registered agent, Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203.

## FACTUAL BACKGROUND

### A.  FACTS AS TO MS. GAMBLE

19.     Plaintiff Joyce Gamble was an employee of Defendants for all relevant time periods for FLSA purposes as defined in 29 U.S.C. § 203(e)(1).

20.     Defendants are in the business of managing and maintaining multi-family residential properties in Memphis, Tennessee.

21.     Defendants manage the property located at 2080 Winchester Road, Memphis Tennessee, 38116, colloquially known as Sunrise Terrace Apartments.

22.     At all relevant times complained of herein, Defendant Habringer Group, Inc. was/is an employer under 29 U.S.C. §203(d).

23.     At all relevant times complained of herein, Defendant Belvedere Management, LLC was/is an employer under 29 U.S.C. §203(d).

24.     At all relevant times complained of herein, Defendant Eco Services, LLC was/is an employer under 29 U.S.C. §203(d).

25.     Defendants are collectively and individually each Ms. Gamble's employer as contemplated by 29 U.S.C. §203(e)(1), et seq.

26.     Ms. Gamble worked as a Leasing Consultant.

27.     Ms. Gamble was paid on an hourly rate basis.

28.     Ms. Gamble began working at Sunrise Terrace Apartments in or about July 2015.

29.    Sunrise Terrace Apartments came under new management on or about August 2016.

30.    Defendants employed Ms. Gamble from on or about August 2016 to on or about November 2016.

31.    During her employment, Ms. Gamble would regularly work more than forty hours per work week.

32.    Defendants regularly and routinely deducted hours from Ms. Gamble's paycheck every pay period, thus, she was not compensated for all hours worked in a given work week.

33.    These deductions resulted in Ms. Gamble's not receiving payment for the hours that she worked over forty (40) hours in a given workweek

34.    These deductions also caused Ms. Gamble's hourly wage to fall below the federal minimum wage.

35.    Defendants failed and refused to pay Ms. Gamble for all hours worked.

36.    Defendants failed and refused to pay Ms. Gamble an overtime premium for all hours worked over forty (40) in any given work week.

37.    Ms. Gamble was not responsible for determining Defendants' employees' pay rate and hours.

38.    Ms. Gamble was not responsible for evaluating Defendants' employees' productivity and job performance or their raises or promotions.

39.    Ms. Gamble did not maintain the company's production or sales records to use in supervision or control of Defendants' employees.

40.    Ms. Gamble was not able to discipline Defendants' employees.

41.    Ms. Gamble was not in charge of resolving employee complaints.

42.     Ms. Gamble was not responsible for deciding what kind of materials, products, supplies, machinery or tools would be bought or used by Defendants.

43.     Ms. Gamble did not control the flow and distribution of said materials.

44.     Ms. Gamble was not responsible for the safety of the employees and/or property of Defendants.

45.     Ms. Gamble was a non-exempt employee.

46.     Defendants told Ms. Gamble which work assignments to complete, when they had to be completed, and how work should be performed.

47.     Defendants had the power to hire and fire Ms. Gamble.

48.     Defendants controlled the number of hours Ms. Gamble worked, the rate, and the method of her payment.

49.     Defendants failed to compensate Ms. Gamble for all compensable time she worked at Defendants' facility.

50.     Ms. Gamble was paid up to two hundred dollars ($200.00) every two weeks by direct deposit.

51.     Ms. Gamble lived on the property where she worked for Defendants.

52.     Ms. Gamble received a monthly rent offset in an amount of four hundred seventy-five dollars ($475.00).

53.     Once Ms. Gamble moved out of Sunrise Terrace Apartments, Defendants continued to pay Ms. Gamble only up to $200.00 bi-weekly.

54.     Ms. Gamble, after moving out of Sunrise Terrace Apartments, was not receiving the monthly rent offset.

55. Accounting for the rent offset and a forty-hour work week, Ms. Gamble's hourly pay rate is approximately five dollars and forty-seven cents ($5.47) per hour.

56. The federal minimum wage is seven dollars and twenty-five cents ($7.25) per hour.

57. Defendants failed to pay Ms. Gamble at an hourly rate commensurate with the federal minimum wage.

58. Defendants regularly had Ms. Gamble come in before the start of her scheduled shift and stay after her scheduled shift ended.

59. Defendants regularly had Ms. Gamble clock out at 5:30 p.m., at close of business, and continue working off the clock.

60. Defendants regularly had Ms. Gamble clock out for a one-hour lunch period, only to allow, permit, or suffer her to remain at work while off the clock.

61. Ms. Gamble regularly continued to perform work for Defendants despite being off the clock.

62. Defendants knew or had reason to know Ms. Gamble performed work off the clock.

63. During these times prior to and after the end of her scheduled shift, and during her lunch breaks, Ms. Gamble was performing tasks which were integral and indispensable to principal activities of the business.

64. Ms. Gamble received paychecks or pay stubs issued by any of the three named Defendants.

65. Ms. Gamble's pay stubs described her as an independent contractor.

66. Ms. Gamble's pay stubs never reflected her hourly pay rate.

67.     Ms. Gamble's pay stubs never reflected the number of hours worked for which she was being compensated.

68.     Ms. Gamble's paystubs never reflected any income tax withholdings.


**B. FACTS AS TO MS. YOUNG**

69.     Plaintiff Betty Young is an employee of Defendants for all relevant time periods for FLSA purposes as defined in 29 U.S.C. § 203(e)(1).

70.     Defendants are in the business of managing and maintaining multi-family residential properties in Memphis, Tennessee.

71.     Defendants manage the property located at 2080 Winchester Road, Memphis Tennessee, 38116, colloquially known as Sunrise Terrace Apartments.

72.     At all relevant times complained of herein, Defendant Habringer Group, Inc. was/is an employer under 29 U.S.C. §203(d).

73.     At all relevant times complained of herein, Defendant Belvedere Management, LLC was/is an employer under 29 U.S.C. §203(d).

74.     At all relevant times complained of herein, Defendant Eco Services, LLC was/is an employer under 29 U.S.C. §203(d).

75.     Defendants are collectively and individually each Ms. Young's employer as contemplated by 29 U.S.C. §203(e)(1), et seq.

76.     Ms. Young is paid on an hourly rate basis.

77.     Ms. Young began working at Sunrise Terrace Apartments in or about June 2016.

78.     Sunrise Terrace Apartments came under new management on or about August 2016.

79. Defendants have employed Ms. Young since on or about August 2016 to the present.

80. Ms. Young works as a Housekeeper.

81. Ms. Young receives up to two hundred dollars ($200.00) from Defendants every two weeks.

82. Ms. Young lives on the property where she works for Defendants.

83. Ms. Young receives a monthly rent offset of four hundred dollars ($400.00).

84. Accounting for the rent offset and a forty hour work week, Ms. Young's pay rate is approximately five dollars per hour ($5.00)

85. The federal minimum wage is seven dollars and twenty-five cents ($7.25) per hour.

86. Defendants fail and refuse to pay Ms. Young at a rate commensurate with the federal minimum wage for all hours worked.

87. Ms. Young is not responsible for determining pay rate and hours for Defendants' employees.

88. Ms. Young is not responsible for evaluating Defendants' employees' productivity and job performance or their raises or promotions.

89. Ms. Young does not maintain the company's production or sales records to use in supervision or control of Defendants' employees.

90. Ms. Young is not able to discipline Defendants' employees.

91. Ms. Young is not in charge of resolving employee complaints.

92. Ms. Young is not responsible for deciding what kind of materials, products, supplies, machinery, or tools would be bought and used by Defendants.

93.     Ms. Young does not control the flow and distribution of said materials.

94.     Ms. Young is not responsible for the safety of the employees and/or property of Defendants.

95.     Ms. Young is a non-exempt employee.

96.     Defendants tell Ms. Young which work assignments to complete, when they have to be completed and how work should be performed.

97.     Defendants have the power to hire and fire Ms. Young.

98.     Defendants control the number of hours Ms. Young works, the rate, and the method of her payment.

99.     Defendants continue to fail and refuse to compensate Ms. Young for all compensable time she works at Defendants' facility.

100.    Ms. Young received paychecks or pay stubs issued by any of the three named Defendants.

101.    Ms. Young's pay stubs referred to her as an independent contractor.

102.    Ms. Young's pay stubs never reflected her hourly pay rate.

103.    Ms. Young's pay stubs never reflected the number of hours worked for which she was being compensated.

104.    Ms. Young's paystubs never reflected any income tax withholdings.

**C.  FACTS AS TO MS. SIMMONS**

105.    Plaintiff Patricia Simmons was an employee of Defendants for all relevant time periods for FLSA purposes as defined in 29 U.S.C. § 203(e)(1).

106.    Defendants are in the business of managing and maintaining multi-family residential properties in Memphis, Tennessee.

107.     Defendants manage the property located at 2080 Winchester Road, Memphis Tennessee, 38116, colloquially known as Sunrise Terrace Apartments.

108.     At all relevant times complained of herein, Defendant Habringer Group, Inc. was/is an employer under 29 U.S.C. §203(d).

109.     At all relevant times complained of herein, Defendant Belvedere Management, LLC was/is an employer under 29 U.S.C. §203(d).

110.     At all relevant times complained of herein, Defendant Eco Services, LLC was/is an employer under 29 U.S.C. §203(d).

111.     Defendants are collectively and individually each Plaintiff's employer as contemplated by 29 U.S.C. §203(e)(1), et seq.

112.     Defendants employed Ms. Simmons from on or about August 2016 to on or about December 2016.

113.     Ms. Simmons worked as a Property Manager.

114.     Ms. Simmons was paid an hourly rate.

115.     Ms. Simmons began working at Sunrise Terrace Apartments in or about August 2013.

116.     Sunrise Terrace Apartments came under new management on or about August 2016.

117.     During her employment, Ms. Simmons would regularly work more than forty (40) hours in a given work week.

118.     Defendants regularly and routinely deducted hours from Ms. Simmons' paycheck every pay period, thus, she was not compensated for all hours worked in a given work week.

119.     Defendants failed and refused to pay Ms. Simmons for all hours worked.

120.    Defendants failed and refused to pay Ms. Simmons for an overtime premium for all hours worked over forty (40) in any given work week.

121.    Defendants suffered or permitted Ms. Simmons to perform compensable work before and after her scheduled shift and during her lunch break, which resulted in Ms. Simmons working more than forty hours per workweek.

122.    Defendants regularly had Ms. Simmons come in before the start of her scheduled shift and stay after her scheduled shift ended.

123.    Defendants regularly had Ms. Simmons clock out at 5:30 p.m., at close of business, and continue working off the clock.

124.    Defendants regularly had Ms. Simmons clock out for a one-hour lunch period, only to allow, permit, or suffer her to remain at work while off the clock.

125.    Ms. Simmons regularly continued to perform work for Defendants despite being off the clock.

126.    Defendants knew or had reason to know Ms. Simmons performed work off the clock.

127.    During these times prior to and after the end of her scheduled shift, and during her lunch breaks, Ms. Simmons was performing tasks which were integral and indispensable to principal activities of the business.

128.    Ms. Simmons was not responsible for determining pay rate and hours for Defendants' employees.

129.    Ms. Simmons was not responsible for evaluating Defendants' employees' productivity and job performance or their raises or promotions.

130.    Ms. Simmons did not maintain the company's production or sales records to use in supervision or control of Defendants' employees.

131.    Ms. Simmons was not able to discipline Defendants' employees.

132.    Ms. Simmons was not in charge of resolving employee complaints.

133.    Ms. Simmons was not responsible for deciding what kind of materials, products, supplies, machinery, or tools would be bought and used by Defendants.

134.    Ms. Simmons did not control the flow and distribution of said materials.

135.    Ms. Simmons was not responsible for the safety of the employees and/or property of Defendants.

136.    Ms. Simmons was a non-exempt employee.

137.    Defendants told Ms. Simmons which work assignments to complete, when they had to be completed, and how work should be performed.

138.    Defendants had the power to hire and fire Ms. Simmons.

139.    Defendants controlled the number of hours Ms. Simmons worked, the rate, and the method of her payment.

140.    Defendants failed to compensate Ms. Simmons for all compensable time she worked at Defendants' facility.

**D.  FACTS AS TO MR. THORNTON**

141.    Plaintiff David Thornton was an employee for all relevant time periods for FLSA purposes as defined in 29 U.S.C. §203(e)(1).

142.    Defendants are in the business of managing and maintaining multi-family residential properties in Memphis, Tennessee.

143.     Defendants manage the property located at 2080 Winchester Road, Memphis Tennessee, 38116, colloquially known as Sunrise Terrace Apartments.

144.     At all relevant times complained of herein, Defendant Habringer Group, Inc. was/is an employer under 29 U.S.C. §203(d).

145.     At all relevant times complained of herein, Defendant Belvedere Management, LLC was/is an employer under 29 U.S.C. §203(d).

146.     At all relevant times complained of herein, Defendant Eco Services, LLC was/is an employer under 29 U.S.C. §203(d).

147.     Defendants are collectively and individually each Plaintiff's employer as contemplated by 29 U.S.C. §203(e)(1), et seq.

148.     Mr. Thornton was an employee of the Maintenance Department.

149.     Mr. Thornton began working at Sunrise Terrace Apartments in or about June 2013.

150.     Sunrise Terrace Apartments came under new management in or about August 2016.

151.     Defendants employed Mr. Thornton from on or about August 2016 to on or about March 21, 2017.

152.     During his employment, Mr. Thornton would regularly work more than forty (40) hours per work week.

153.     Defendants regularly and routinely deducted hours from Mr. Thornton's paycheck every pay period.

154.     Defendants therefore did not compensate Mr. Thornton for all hours worked in a given work week.

155. These deductions resulted in Mr. Thornton's not receiving payment for the hours that he worked over forty (40) in a given workweek.

156. These deductions also caused Mr. Thornton's hourly wage to fall below the federal minimum wage.

157. Defendants failed and refused to pay Mr. Thornton for all hours worked.

158. Defendants failed and refused to pay Mr. Thornton an overtime premium for all hours worked over forty (40) in any given work week.

159. Mr. Thornton was not responsible for determining employees' pay rate and hours.

160. Mr. Thornton was not responsible for evaluating Defendants' employees' productivity and job performance or their raises or promotions.

161. Mr. Thornton did not maintain the company's production or sales records to use in supervision or control of Defendants' employees.

162. Mr. Thornton was not able to discipline Defendants' employees.

163. Mr. Thornton was not in charge of resolving employee complaints.

164. Mr. Thornton was not responsible for deciding what kind of materials, products, supplies, machinery, or tools would be bought or used by Defendants.

165. Mr. Thornton did not control the flow and distribution of said materials.

166. Mr. Thornton was not responsible for the safety of the employees or property of Defendants.

167. Mr. Thornton was a non-exempt employee.

168. Defendants told Mr. Thornton which work assignments to complete, when they had to be completed, and how work should be performed.

169. Defendants had the power to hire and fire Mr. Thornton.

170.     Defendants controlled the number of hours Mr. Thornton worked, the rate, and the method of his payment.

171.     Defendants failed to compensate Mr. Thornton for all compensable time he worked at Defendants' facility.

172.     Mr. Thornton was paid up to $200.00 every two weeks by check.

173.     Mr. Thornton lived on the property where he worked for Defendants.

174.     Mr. Thornton received a monthly rent offset in an amount of four hundred seventy-five dollars ($475.00 ).

175.     Accounting for the rent offset and a forty-hour work week, Mr. Thornton's hourly pay rate is approximately five dollars and forty-seven cents ($5.47) per hour.

176.     The federal minimum wage is seven dollars and twenty-five cents ($7.25) per hour.

177.     Defendants failed to pay Mr. Thornton at an hourly rate commensurate with the federal minimum wage.

178.     Defendants regularly had Mr. Thornton come in before the start of his scheduled shift and stay after his scheduled shift ended.

179.     Mr. Thornton received paychecks or pay stubs issued by any of the three named Defendants.

180.     Mr. Thornton's pay stubs referred to him as an independent contractor.

181.     Mr. Thornton's pay stubs never reflected his hourly pay rate.

182.     Mr. Thornton's pay stubs never reflected the number of hours worked for which he was being compensated.

183.     Mr. Thornton's paystubs never reflected any income tax withholdings.

# COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## MINIMUM WAGE - AS TO MS. GAMBLE

184.    Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 183 as they were set forth fully herein.

185.    At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce within the meaning of the FLSA, 29 U.S.C. § 203.

186.    At all relevant times, Defendants have employed and/or continue to employ "employees," including Ms. Gamble.

187.    Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

188.    Ms. Gamble is entitled to be paid compensation for all hours worked at a rate no less than the minimum wage ($7.25) as required under federal law, the FLSA.

189.    As a result of Defendants' failure to compensate Ms. Gamble for all hours worked at a rate no less than the minimum wage as required under federal law, Defendants have violated the Fair Labor Standards Act, including 29 U.S.C. § 206(a).

190.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage for work performed up to forty hours in a work week.

191.    Ms. Gamble is not exempt from the right to be paid for all hours worked under the FLSA.  Ms. Gamble is entitled to be paid compensation for all hours worked, plus periods of equitable tolling along with an additional equal amount as liquidated damages.

192.    As a result of Defendants' failure to compensate its hourly employees, including Ms. Gamble, for all hours worked up to forty (40) hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

193.    The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

194.    The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## OVERTIME COMPENSATION – AS TO MS. GAMBLE

195.    Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 194 as they were set forth fully herein.

196.    At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce within the meaning of the FLSA, 29 U.S.C. § 203.

197.    At all relevant times, Defendants have employed and/or continue to employ "employees," including Ms. Gamble.

198.    Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

199.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one half the regular rate of pay for work performed in excess of forty hours in a work week.

200.    Ms. Gamble is not exempt from the right to receive overtime pay for all hours worked over forty hours under the FLSA.  Ms. Gamble is entitled to be paid compensation for all hours worked over forty hours in a given workweek, plus periods of equitable tolling along with an additional equal amount as liquidated damages.

201.    As a result of Defendants' failure to compensate its hourly employees, including Ms. Gamble, at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

202.    The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

203.    The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT III

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## OFF THE CLOCK – AS TO MS. GAMBLE

204.    Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 203 as they were set forth fully herein.

205.    At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

206.     At all relevant times, Defendants have employed and/or continue to employ "employees," including Ms. Gamble.

207.     Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

208.     Defendants regularly suffered or permitted Ms. Gamble to perform compensable work integral and indispensable to principal activities before and after her scheduled shift and during her lunch breaks.

209.     Defendants' suffering or permitting Ms. Gamble to perform compensable work before and after scheduled shifts and during lunch breaks resulted in Ms. Gamble working more than 40 hours per week.

210.     Defendants knew or had reason to know Ms. Gamble was performing compensable work off the clock.

211.     The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

212.     The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. §§ 206 and 207.

## COUNT IV – VIOLATION OF THE FAIR LABOR STANDARDS ACT MISCLASSIFICATION OF EMPLOYEES – AS TO MS. GAMBLE

213.     Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 212 as they were set forth fully herein.

214.     Ms. Gamble had a continuous and indefinite relationship with the Defendants.

215.     Ms. Gamble did not make significant capital investments in order to work for Defendants.

216.     Ms. Gamble did not have the opportunity to control her profits and losses with Defendants.

217.     Defendants told Ms. Gamble where to work.

218.     Defendants told Ms. Gamble when to work.

219.     Ms. Gamble could not hire employees to assist her in performing her job duties for Defendants.

220.     Defendants exercised significant control over Ms. Gamble's work.

221.     Ms. Gamble could not refuse work assignments.

222.     Defendants supervised Ms. Gamble's work.

223.     Defendants controlled Ms. Gamble's day to day activities.

224.     Ms. Gamble was an integral part of Defendants' business.

225.     Defendants issued paystubs to Ms. Gamble listing her as an independent contractor.

226.     Defendants issued paystubs to Ms. Gamble with no evidence of tax withholdings.

227.     Ms. Gamble has been misclassified as an independent contractor.

## COUNT V

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## MINIMUM WAGE - MS. YOUNG

228.     Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 227 as they were set forth fully herein.

229. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce within the meaning of the FLSA, 29 U.S.C. § 203.

230. At all relevant times, Defendants have employed and/or continue to employ "employees," including Ms. Young.

231. Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

232. Ms. Young is entitled to be paid compensation for all hours worked at a rate no less than the minimum wage ($7.25) as required under federal law, the FLSA.

233. As a result of Defendants' failure to compensate Ms. Young for all hours worked at a rate no less than the minimum wage as required under federal law, Defendants has violated the Fair Labor Standards Act, including 29 U.S.C. § 206(a).

234. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage for work performed up to forty hours in a work week.

235. Ms. Young is not exempt from the right to be paid for all hours worked under the FLSA. Ms. Young is entitled to be paid compensation for all hours worked, plus periods of equitable tolling along with an additional equal amount as liquidated damages.

236. As a result of Defendants' failure to compensate its hourly employees, including Ms. Young, for all hours worked up to forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

237.     The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

238.     The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT VI – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## MISCLASSIFICATION OF EMPLOYEES – AS TO MS. YOUNG

239.     Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 238 as they were set forth fully herein.

240.     Ms. Young had a continuous and indefinite relationship with the Defendants.

241.     Ms. Young did not make significant capital investments in order to work for Defendants.

242.     Ms. Young did not have the opportunity to control her profits and losses with Defendants.

243.     Defendants told Ms. Young where to work.

244.     Defendants told Ms. Young when to work.

245.     Ms. Young could not hire employees to assist her in performing her job duties for Defendants.

246.     Defendants exercised significant control over Ms. Young's work.

247.     Ms. Young could not refuse work assignments.

248.     Defendants supervised Ms. Young's work.

249.     Defendants controlled Ms. Young's day to day activities.

250.     Ms. Young was an integral part of Defendants' business.

251.    Defendants issued paystubs to Ms. Young listing her as an independent contractor.

252.    Defendants issued paystubs to Ms. Young with no evidence of tax withholdings.

253.    Ms. Young has been misclassified as an independent contractor.

**COUNT VII**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**OVERTIME COMPENSATION – AS TO MS. SIMMONS**

254.    Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 253 as they were set forth fully herein.

255.    At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce within the meaning of the FLSA, 29 U.S.C. § 203.

256.    At all relevant times, Defendants have employed and/or continue to employ "employees," including Ms. Simmons.

257.    Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

258.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one half the regular rate of pay for work performed in excess of forty hours in a work week.

259.    Ms. Simmons is not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.  Plaintiffs are entitled to be paid compensation for all

hours worked, plus periods of equitable tolling along with an additional equal amount as liquidated damages.

260.    As a result of Defendants' failure to compensate its hourly employees, including Ms. Simmons, at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

261.    The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

262.    The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT VIII

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## OFF THE CLOCK – AS TO MS. SIMMONS

263.    Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 263 as they were set forth fully herein.

264.    At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce within the meaning of the FLSA, 29 U.S.C. § 203.

265.    At all relevant times, Defendants have employed and/or continue to employ "employees," including Ms. Simmons.

266.    Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

267. Defendants regularly suffered or permitted Ms. Simmons to perform compensable work integral and indispensable to principal activities before and after her scheduled shift and during her lunch breaks.

268. Defendants' suffering or permitting Ms. Simmons to perform compensable work before and after scheduled shifts and during lunch breaks resulted in Ms. Simmons working more than 40 hours per week.

269. Defendants knew or had reason to know Ms. Simmons was performing compensable work off the clock.

270. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

271. The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. §§ 206 and 207.

## COUNT IX

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## MINIMUM WAGE – AS TO MR. THORNTON

272. Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 271 as they were set forth fully herein.

273. At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce within the meaning of the FLSA, 29 U.S.C. § 203.

274. At all relevant times, Defendants have employed and/or continue to employ "employees," including Mr. Thornton.

275. Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

276. Mr. Thornton is entitled to be paid compensation for all hours worked at a rate no less than the minimum wage ($7.25) as required under federal law, the FLSA.

277. As a result of Defendants' failure to compensate Mr. Thornton for all hours worked at a rate no less than the minimum wage as required under federal law, Defendants have violated the Fair Labor Standards Act, including 29 U.S.C. § 206(a).

278. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage for work performed up to forty hours in a work week.

279. Mr. Thornton is not exempt from the right to be paid for all hours worked under the FLSA. Mr. Thornton is entitled to be paid compensation for all hours worked, plus periods of equitable tolling along with an additional equal amount as liquidated damages.

280. As a result of Defendants' failure to compensate its hourly employees, including Mr. Thornton for all hours worked for all work performed up to forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

281. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

282. The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT X

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## OVERTIME COMPENSATION – AS TO MR. THORNTON

283.     Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 282 as they were set forth fully herein.

284.     At all relevant times, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

285.     At all relevant times, Defendants have employed and/or continue to employ "employees," including Mr. Thornton.

286.     Upon information and belief, and at all relevant times, Defendants have had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

287.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one half the regular rate of pay for work performed in excess of forty hours in a work week,

288.     Mr. Thornton is not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.  Mr. Thornton is entitled to be paid compensation for all hours worked, plus periods of equitable tolling along with an additional equal amount as liquidated damages.

289.     As a result of Defendants' failure to compensate its hourly employees, including Mr. Thornton, at a rate of not less than one and one-half times the regular rate of pay for all work

performed in excess of forty hours in a work week, Defendants have violated, and continue to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

290.     The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

291.     The foregoing conduct, as alleged, fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## COUNT XI

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## MISCLASSIFICATION OF EMPLOYEES – AS TO MR THORNTON

292.     Plaintiffs reallege and incorporate the allegations contained in Paragraphs 1 through 291 as they were set forth fully herein.

293.     Mr. Thornton had a continuous and indefinite relationship with the Defendants.

294.     Mr. Thornton did not make significant capital investments in order to work for Defendants.

295.     Mr. Thornton did not have the opportunity to control his profits and losses with Defendants.

296.     Defendants told Mr. Thornton where to work.

297.     Defendants told Mr. Thornton when to work.

298.     Mr. Thornton could not hire employees to assist him in performing his job duties for Defendants.

299.     Defendants exercised significant control over Mr. Thornton's work.

300.     Mr. Thornton could not refuse work assignments.

301.     Defendants supervised Mr. Thornton's work.

302.    Defendants controlled Mr. Thornton's day to day activities.

303.    Mr. Thornton was an integral part of Defendants' business.

304.    Defendants issued paystubs to Mr. Thornton listing him as an independent contractor.

305.    Defendants issued paystubs to Mr. Thornton with no evidence of tax withholdings.

306.    Mr. Thornton has been misclassified as an independent contractor.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1.  A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

2.  Pre-judgment and Post-judgment interest, as provided by law;

3.  An award of money damages for unpaid wages, including liquidated damages, front pay, back pay and compensatory damages, and penalties in an exact amount to be determined at trial;

4.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5.  That this matter be tried by a jury;

6.  Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated: May 23, 2017                          Respectfully submitted,


                                             /s/ Alan G. Crone_____

Alan G. Crone, TN Bar No. 014285
Bailey G. Hill, TN Bar No. 33664
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
(901) 737.7740 (voice)
(901) 474.7926 (fax)
acrone@cronelawfirmplc.com
bhill@cronelawfirmplc.com

*Attorneys for Plaintiffs*

## DECLARATION AND VERIFICATION

I, Betty Young, verify and declare that the facts stated in the foregoing Verified Complaint for Violation of the Fair Labor Standards Act to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

Betty Young

Date: 5/22/17

## DECLARATION AND VERIFICATION

I, Patricia Simmons, verify and declare that the facts stated in the foregoing Verified Complaint for Violation of the Fair Labor Standards Act to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

Patricia Simmons

Date: 5/22/2017

## DECLARATION AND VERIFICATION

I, Joyce Gamble, verify and declare that the facts stated in the foregoing Verified Complaint for Violation of the Fair Labor Standards Act to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

Joyce Gamble

Date: 05/22/2017

## DECLARATION AND VERIFICATION

I, David Thornton, verify and declare that the facts stated in the foregoing Verified Complaint for Violation of the Fair Labor Standards Act to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

David Thornton

Date: 5/22/17